UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-172-JPH-DML-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| HUGO RAMON ROSALES-MORENO | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☒ FACTORS CONSIDERED. Defendant filed a pro se motion that the Court construes as a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). In the motion, Defendant also asks the Court to appoint counsel to represent him. Defendant contends that "extraordinary and compelling reasons" support his release within the meaning of § 3582(c)(1)(A) because he suffers from medical conditions that increase his risk of suffering severe symptoms if he contracts COVID-19. In support, he states that, despite being fully vaccinated, he contracted COVID-19 and was sick for three weeks.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing

'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Defendant entered his guilty plea and was sentenced on July 29, 2020—long after the COVID-19 pandemic began and before vaccines were widely available. Dkt. 121. As a result, the Court understood when it sentenced Defendant that he could contract COVID-19 and possibly become ill. The risk Defendant faces from the COVID-19 pandemic is not a reason to release him now. The Court is sympathetic to the fact that Defendant became ill with COVID-19 despite being fully vaccinated, but he does not allege that he is still ill or otherwise incapacitated. To the extent that Defendant complains about the way the Bureau of Prisons has handled the COVID-19 pandemic at his facility, that is not a basis for a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021) (internal citation omitted) ("Mistreatment or poor conditions in prison, if proved, might be grounds for relief in a civil lawsuit, but untested allegations of this nature are not grounds for a sentence reduction."). Because no material facts have changed since Defendant was sentenced, the Court declines to exercise its discretion to find that extraordinary and compelling reasons warrant a sentence reduction within the meaning of § 3582(c)(1)(A). For the same reasons, the Court finds that the interests of justice do not support appointing counsel to represent Defendant.

Accordingly, Defendant's motion, dkt. [156], is **denied**.

**SO ORDERED.**

Date: 1/20/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Hugo Ramon Rosales-Moreno
Reg. No. 16998-028
FCI Terminal Island
Federal Correctional Institution
P.O. Box 3007
San Pedro, CA 90733

All Electronically Registered Counsel