UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00172-JPH-DML |
| | ) | |
| HUGO RAMON ROSALES-MORENO, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**Order Denying Motion to Reconsider**

In November 2021, Defendant Hugo Ramon Rosales-Moreno filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 156. The Court denied the motion on January 20, 2022. Dkt. 157. The Court considered the motion on the merits and found that Mr. Rosales-Moreno had not shown extraordinary and compelling reasons for release under § 3582(c)(1)(A). *Id.*

Mr. Rosales-Moreno now asks the Court to reconsider its decision. Dkt. 158. That motion is presently before the Court. The Court concludes that no response from the United States is required to resolve the issues presented by his motion to reconsider.

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Federal Rule of Civil Procedure 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the

losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

Mr. Rosales-Moreno has not demonstrated grounds for reconsidering the Court's denial of his motion for compassionate release. Mr. Rosales-Moreno argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 again due to his underlying medical conditions (water in his blood, hypertension, pulmonary hypertension, type 1 diabetes, kidney failure, and amputation of right leg and left foot). Dkt. 158. However, the risk to his physical health presented by COVID-19—particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). As this Court previously explained to him, Mr. Rosales-Moreno entered his guilty plea and was sentenced on July 29, 2020—long after the COVID-19 pandemic began and before vaccines were widely available. Dkt. 121. As a result, the Court understood when it sentenced Defendant that he could contract COVID-19 and possibly become ill.

Mr. Rosales-Moreno is fully vaccinated, dkt. 157, and he has presented no evidence that he is unable to receive or benefit from the vaccine. Additionally, Mr. Rosales-Moreno "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically,

2

he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). Further, as of September 19, 2022, the BOP reports that only 2 inmates and 10 staff members at FCI Terminal Island have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited Sept. 19, 2022).

While the Court understands that Mr. Rosales-Moreno contracted COVID-19 and was sick for three weeks despite being fully vaccinated, and that the variants currently circulating mean that vaccinated individuals may nevertheless become infected with COVID-19, the vaccines are still providing significant protection against severe illness, which is the Court's focus in a compassionate release motion. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Sept. 19, 2022) ("COVID-19 vaccines used in the United States continue to protect against severe disease, hospitalization, and death from known circulating variants. They may not be as effective in preventing *infection* from these variants") (emphasis added). For these reasons, Mr. Rosales-Moreno has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. Rosales-Moreno also briefly mentions that he is not receiving medical care for his conditions. Dkt. 158 at 2. To the extent Mr. Rosales-Moreno is not receiving what he believes to be proper treatment for his medical conditions, such allegations might form the basis for relief in a civil suit filed in Mr. Rosales-Moreno's district of incarceration, but such allegations are not

grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up).

For these reasons, Mr. Rosales-Moreno's motion to reconsider, dkt. [158], is **denied**.

**SO ORDERED.**

Date: 9/23/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Hugo Ramon Rosales-Moreno
Reg. No. 16998-028
FCI Terminal Island
Federal Correctional Institution
P.O. Box 3007
San Pedro, CA 90733